IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROLYN BROWN as parent and legal guardian of C.A.B., a minor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16 C 11638<br>)<br>) Judge Sharon Johnson Coleman |
| 90 MILES CUBAN CAFÉ II, INC. d/b/a 90 MILES CUBAN CAFÉ, | )<br>)<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carolyn Brown, on behalf of her minor daughter ("C.A.B.") filed a three-count Second Amended Complaint, alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, and failure to accommodate a disability in violation of the Americans with Disabilities Act. Defendant 90 Miles Cuban Café II, Inc. d/b/a 90 Miles Cuban Café ("90 Miles") moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, this Court grants in part and denies in part the motion.

**Background**

90 Miles hired C.A.B. to work as a barista on July 29, 2016. After starting her employment, C.A.B. began receiving "unwanted, unwelcome, and offensive sexual advances and comments" from her adult male co-workers. The complaint alleges that the offending conduct included repeated non-consensual physical contact, requests for physical and sexual contact, requests for "date" and for her personal contact information. C.A.B. was also subjected to comments about her appearance and inappropriate sexual innuendo.

C.A.B. reported the conduct and comments from her non-managerial co-workers to a 90 Miles manager on August 15, 2016. (Dkt. 15 at ¶12). The offending conduct and comments continued after C.A.B. reported the behavior. *Id.* at ¶13. Sometime after August 15, 2016, C.A.B. observed both

1

managerial and non-managerial male staff make similar comments and sexually suggestive advances on another 90 Miles minor female employee. On August 20, 2016, C.A.B. and the other minor female employee who had experienced the conduct and comments met with a different male manager to report the offensive behavior. *Id.* at ¶15. The offending conduct and comments from managerial and non-managerial male staff continued for both girls after their August 20, 2016, meeting with a manager. *Id.* at ¶16.

C.A.B. met with two male managers on September 13, 2016, to again report the offensive conduct. *Id.* at ¶17. During this meeting, one of the managers told C.A.B., "You have to say no the first time he does something. If you give a man an inch, he'll take a mile… you let guys act like that and that is why they kept doing it." *Id.* at ¶18. He further stated, "these kinds of things are a two-way street. You complain about him saying you are beautiful, but you walk in here waving and smiling at everybody and bouncing around acting like a little girl and this is something that is just going to happen." *Id.* On September 14, 2016, C.A.B. complained to another manager about the ongoing offending conduct and comments and the manager's comments at the September 13, 2016, meeting. *Id.* at ¶19. The conduct continued after that meeting. She further alleges that on September 19, 2016, one of the managers to whom C.A.B. complained of harassment, himself made comments about C.A.B.'s clothing and body, even after she asked him to stop. He responded that she was "overthinking it." *Id.* at ¶21.

On September 20, 2016, C.A.B. complained to a female manager for the first time, about the male manager's comments about her body and her clothing, the female manager told her that she was "probably interpreting it that way because [she is] young, immature, and ha[s] a school girl crush on the manager." *Id.* at ¶22. The conduct continued until the termination of C.A.B's employment with 90 Miles. After she complained on September 20, 2016, C.A.B. was never again scheduled for work *Id.* at ¶26.

The complaint also alleges that C.A.B. suffers from syncope, a fainting condition that occasionally limits her ability to stand, walk, speak, lift, see, and hear. *Id.* at ¶30. On August 9, 2016, 90

Miles requested a physician's note regarding C.A.B.'s ability to work. *Id.* at ¶31. Approximately ten days later she provided 90 Miles with a letter from her physician indicating that she has syncope, but it is safe for her to work. *Id.* at ¶32. The complaint alleges that 90 Miles failed to engage in an interactive process with C.A.B. to accommodate her disability. *Id.* at ¶33.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim must be plausible rather than merely conceivable or speculative, meaning that the plaintiff must include enough details about the subject-matter of the case to present a story that holds together. But the proper question to ask is still *could* these things have happened, not *did* they happen." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826–27 (7th Cir. 2014) (emphasis in original) (internal citations omitted).

**Discussion**

90 Miles Cuban Café moves to dismiss the Second Amended Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court will first address the Title VII sexual harassment claim. 90 Miles argues that C.A.B. fails to allege sufficiently specific facts to establish a claim of hostile work environment and a basis for holding 90 Miles liable. 90 Miles further contends that C.A.B.'s retaliation claim fails to show a causal link between her termination and her complaints to managers about the offending conduct.

Title VII prohibits discrimination "against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). "To establish a prima facie case of sexual harassment under Title VII, a plaintiff must show that 1) she was subjected to unwelcome harassment; 2) the harassment was based on her sex; 3) the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and create a hostile or abusive atmosphere; and 4) there is a basis for employer liability." *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 788 (7th Cir. 2007) (citing *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir.2007)).

90 Miles relies on three cases to argue that C.A.B.'s allegations are insufficiently severe and pervasive: *Koelsch v. Beltone Electronics,* 46 F.3d 705, 706-708 (7th Cir. 1995) (the court affirmed summary judgment in favor of the defendant, finding that two isolated incidents did not constitute a hostile work environment where the conduct ceased after the plaintiff complained), *Saxton v. American Telephone and Telegraph Co.*, 10 F.3d 526, 528, 529 (7th Cir.1993) (the court affirmed summary judgment, finding the incidents of harassment were not sufficiently pervasive where the harasser was transferred out of the plaintiff's workplace after the plaintiff filed a sexual harassment complaint, and no further incidents of harassment occurred after the plaintiff's complaint), and *Weiss v. Coca-Cola Bottling Co. of Chicago*, 990 F.2d 333, 337 (7th Cir. 1993) (the court affirmed summary judgment, finding that the incidents of harassment were isolated and the plaintiff had given contradictory deposition testimony). None of the cases cited by 90 Miles involved a minor subjected to conduct by her adult male managers and co-workers. Furthermore, each of those cases was decided on summary judgment and the development of the evidentiary record. This Court also questions the applicability of authority more than twenty years old to describe acceptable workplace behavior and expectations.

In this case, C.A.B. alleges ongoing unwanted comments and contact from several managers and adult co-workers. She further alleges that the harassment continued unabated after she complained multiple times to several 90 Miles managers. Taking the allegations in the complaint as true, C.A.B.'s reports of unwanted sexual advances and conduct were not taken seriously by any of the managers to

whom she complained. Furthermore, the allegations that managers both participated in the offending conduct and ignored her repeated reports are sufficient to state a basis for employer liability under a *respondeat superior* theory against 90 Miles. "An employer is liable for a hostile work environment claim if the plaintiff's supervisor created the hostile work environment, or if a co-worker created the hostile work environment and the employer was 'negligent either in discovering or remedying the harassment.'" *Velez v. City of Chicago*, 442 F.3d 1043, 1047 (7th Cir. 2006); *see also Valentine v. City of Chicago*, 452 F.3d 670, 680 (7th Cir. 2006), *as amended* (July 6, 2006). Accordingly, this Court finds that the Second Amended Complaint states a claim for sexual harassment and hostile work environment.

The Second Amended Complaint also adequately states a claim for retaliation. C.A.B. asserts that 90 Miles terminated her employment because she repeatedly reported the offending conduct and comments of her adult male co-workers and managers. "To plead a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity, though she need not use those terms, of course." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Here, the statutorily protected activity is C.A.B. reporting what she believed to be sexually harassing behavior and comments to 90 Miles managers. The complaint alleges a materially adverse action in that 90 Miles stopped scheduling C.A.B. for work and terminating her employment after she complained of the conduct for the fifth time. While timing alone may not establish retaliation, *Carlson,* 758 F.3d at 829, here, there was no delay between the C.A.B.'s complaints and the termination of employment. Therefore, this Court finds that she has stated a claim for retaliation under Title VII.

Lastly, the Court considers the ADA claim of failure to engage in an interactive process and reasonably accommodate C.A.B.'s disability. "A plaintiff claiming failure of reasonable accommodation must show: '(1) [s]he is a qualified individual with a disability; (2) the employer was aware of [her] disability; and (3) the employer failed to reasonably accommodate the disability.'" *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 224 (7th Cir. 2015) (quoting *James v. Hyatt Regency Chicago*, 707 F.3d 775,

5

782 (7th Cir. 2013)). The ADA sets forth three ways in which an individual may assert a statutory disability: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12131(1).

The Second Amended Complaint alleges that C.A.B. has a condition called syncope, which "occasionally limits her ability to stand, walk, speak, lift, see, and hear." Dkt. 15 at ¶30. There are no other allegations regarding this condition or that it "substantially" limits a major life activity. Although C.A.B. informed 90 Miles of the condition through a physician letter, her physician did not suggest any limitations on her ability to work or any accommodations that C.A.B. might need. *Id.* at ¶32. "[A]n employer's accommodation duty is triggered only in situations where an individual who is qualified on paper requires an accommodation in order to be able to perform the essential functions of the job." *Brumfield v. City of Chicago*, 735 F.3d 619, 632 (7th Cir. 2013). Thus, this Court finds that, as alleged, the Second Amended Complaint fails to state a claim for failure to accommodate a disability in violation of the ADA.

**Conclusion**

Based on the foregoing, this Court denies 90 Miles Cuban Café's Motion to Dismiss as to Counts I and II, and grants the Motion as to Count III without prejudice. [16].

IT IS SO ORDERED.

ENTERED:

Dated: July 20, 2017

_____
SHARON JOHNSON COLEMAN
United States District Judge